UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-cv-334

| | |
|---|---|
| GRANITE RE, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>SUBSURFACE IRRIGATION, INC. d/b/a<br>CAROLINA COURTWORKS,<br>CAROLINA COURTWORKS INC., and<br>BENJAMIN R. POWELL,<br><br>                        Defendants. | **VERIFIED COMPLAINT** |

Plaintiff Granite Re, Inc., by and through its undersigned counsel, complaining of Defendants Subsurface Irrigation, Inc. d/b/a Carolina Courtworks, Carolina Courtworks Inc., and Benjamin R. Powell (collectively, "Defendants"), hereby alleges as follows:

## PARTIES

1. Plaintiff Granite Re, Inc. ("Granite Re" or "Plaintiff") is a corporate entity incorporated and existing under the laws of the State of Minnesota.

2. Upon information and belief, Defendant Subsurface Irrigation, Inc. d/b/a Carolina Courtworks ("Subsurface Irrigation") is a corporate entity organized and existing under the laws of the State of North Carolina, with a principal place of business located in Charlotte, North Carolina.

3. Upon information and belief, Defendant Carolina Courtworks Inc. ("Carolina Courtworks") is a corporate entity organized and existing under the laws of the State of North Carolina, with a principal place of business located in Charlotte, North Carolina.

4. Upon information and belief, Defendant Benjamin R. Powell ("Powell") is an individual domiciled in North Carolina and residing in Cornelius, North Carolina. Further upon information and belief, Powell serves as President of both Subsurface Irrigation and Carolina Courtworks.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Subsurface Irrigation, Carolina Courtworks, and Powell (collectively, "Defendants") pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Granite Re on the one hand, and Defendants on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue in this district is proper pursuant to (a) 28 U.S.C. §§ 1391(b)(1) and 1391(d), in that Defendants reside in this judicial district; and (b) 28 U.S.C. § 1391(b)(2), in that a substantial part of the events and/or omissions giving rise to this action occurred in this judicial district.

7. This action is being filed in accordance with all applicable statutes of limitation and/or repose.

8. Plaintiff has met and otherwise fulfilled all conditions precedent to the filing of this action and the recovery of all claims, compensation, and relief alleged herein.

## GENERAL ALLEGATIONS

9. The preceding paragraphs of this Verified Complaint are realleged and incorporated herein by reference.

10. Granite Re is licensed to conduct business as a contract surety in North Carolina.

11. At all times alleged herein, Granite Re has been engaged in the business of issuing payment bonds and performance bonds on behalf of construction contractors.

12. Upon information and belief, at all relevant times herein, Subsurface Irrigation and Carolina Courtworks have been engaged in the business of general contracting in North Carolina.

13. Subsurface Irrigation and Carolina Courtworks requested that Granite Re provide them with bonding services, including, without limitation, the provision of performance bonds and payment bonds for North Carolina construction projects.

14. In consideration of and as an inducement for Granite Re to issue performance bonds and payment bonds on Subsurface Irrigation's and Carolina Courtworks' behalf, the Defendants entered into a General Agreement of Indemnity with Granite Re on or about June 3, 2016 (the "Indemnity Agreement"). A true and accurate copy of the Indemnity Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

15. Powell executed the Indemnity Agreement on behalf of Subsurface Irrigation, on behalf of Carolina Courtworks, and in his individual capacity.

16. Pursuant to the second paragraph of the Indemnity Agreement, the Defendants agreed, among other things, as follows:

> That the Indemnitor will perform all the conditions that each said bond or obligation, and any and all alterations, modification, renewals, continuations, and extensions thereof, and will at all times indemnify, exonerate, and save the Company harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of the Company whether actually incurred or not, and any and all liability therefor sustained or incurred by the Company by reason of having executed or procured the execution of said bonds or obligations; that Indemnitor shall place the Company upon demand in funds, whether or not the Company has made payment for any claim, demand, liability, loss, cost, charge, counsel fee. or expense; and whether or not the Indemnitor has previously provided collateral security to the Company to secure the Company as the Company demands in its sole discretion; and in case the Indemnitor requests the Company to join in the prosecution or defense of any legal proceeding, the Indemnitor will, on demand of the Company place it in funds sufficient to defray all expenses and all judgments that may be rendered therein; that the Company shall at all times have the right but not the obligation to retain the counsel of its choice to defend the Company from any claim, demand, liability, or suit brought against the Company on any bond or

against any collateral security, contract funds, trust funds, or liens, and to prosecute any action relating thereon the Company's behalf, and the cost of retaining such counsel shall be included within the Indemnitor's obligation to indemnify. exonerate, and save Company harmless.

17. At the request of Subsurface Irrigation and Carolina Courtworks, and in reliance upon the Indemnity Agreement, Granite Re, as surety, executed and furnished various performance bonds and payment bonds on behalf of Subsurface Irrigation and Carolina Courtworks, as principals.

18. On or about May 1, 2023, Subsurface Irrigation contracted with the City of Statesville, North Carolina (the "Contract") for tennis court resurfacing in the amount of $482,675 (the "Tennis Court Project").[1]

19. On or about May 17, 2023, and in connection with the Tennis Court Project, Granite Re, as surety, issued a performance (the "Performance Bond") and a payment bond (the "Payment Bond") on behalf of Subsurface Irrigation, as principal, each bearing Bond No. GRNC59057 (the "Tennis Court Project Bonds").

20. In May of 2024, Granite Re received notice that Subsurface Irrigation was unable to proceed with work on the Tennis Court Project due to a prepayment requirement by a material supplier, River City Athletics d/b/a NGI Sports ("NGI Sports"). The City of Statesville had advanced funds to Subsurface Irrigation for the purpose of acquiring materials from NGI Sports, but the City of Statesville did not receive the materials due to Subsurface Irrigation's failure to deliver the advanced funds to NGI Sports.

---

[1] It is unclear from the contract with the City of Statesville whether Subsurface Irrigation, Inc. d/b/a Carolina Courtworks or Carolina Courtworks Inc. contracted with the City of Statesville, North Carolina, as the contract only states "Carolina Courtworks." However, on the basis of the Payment Bond information provided to Plaintiff, Plaintiff believes the City of Statesville contracted with Subsurface Irrigation, Inc. d/b/a Carolina Courtworks.

21. Pursuant to an agreement among Subsurface Irrigation, the City of Statesville, and Granite Re, NGI Sports was notified that there was a Payment Bond in force for the Project which would pay for the materials to be supplied by NGI Sports.

22. Ultimately, NGI Sports timely shipped and delivered the materials and filed a claim against the Payment Bond (the "Claim").

23. On or about July 9, 2024, Granite Re contacted Subsurface Irrigation via email regarding the Claim and requested information regarding its validity.

24. On or about July 15, 2024, Subsurface Irrigation responded to Granite Re's July 9, 2024 email and validated the claim as proper and owed in the amount of $250,252.00.

25. Thereafter, Granite Re fulfilled its obligations to NGI Sports under the Payment Bond by issuing payment to it in the amount of $250,252.00 in exchange for a full and final release of the Claim and assignment of NGI Sports' contract rights against Subsurface Irrigation. A true and accurate copy of the check representing the payment Granite Re made to NGI Sports is attached hereto as **Exhibit B** and incorporated herein by reference.

26. Granite Re, however, has not been reimbursed by Subsurface Irrigation on account of the $250,252.00 Granite Re has paid in full satisfaction of the Claim. Accordingly, Granite Re seeks to be indemnified from Subsurface Irrigation, Carolina Courtworks, and/or Powell in this civil action.

27. On or about About March 31, 2025, and in accordance with the the Second Paragraph of the Indemnity Agreement, Granite Re delivered a letter to Subsurface Irrigation, Carolina Courtworks, and Powell (the "March 31, 2025 Demand Letter") demanding that the Defendants indemnity Granite Re in the amount of $250,252.00. A true and accurate copy of the

March 31, 2025 Demand Letter is attached hereto as **Exhibit C** and incorporated herein by reference.

28. The Defendants have failed and refused to respond to the March 31, 2025 Demand Letter and to indemnify Granite Re in accordance with the March 31, 2025 Demand Letter.

29. In order to bring this Verified Complaint, Granite Re has been compelled to retain legal services, has paid the employed law firm's reasonable attorneys' fees for its services, and has agreed to pay the employed law firm for its future attorneys' fees.

30. The Indemnity Agreement provides that Granite Re may recover its attorneys' fees in prosecuting this action and in handling any and all performance and payment bond claims.

31. The Defendants are hereby notified that pursuant to N.C. Gen. Stat. § 6-21.2 and the terms of the Indemnity Agreement, Granite Re intends to collect reasonable attorneys' fees in connection with this Civil Action.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract – Failure to Exonerate and to Indemnify)**

32. The preceding paragraphs of this Verified Complaint are realleged and incorporated herein by reference.

33. The Defendants agreed to indemnify, exonerate, hold harmless, and keep Granite Re indemnified from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment, and adjudication whatsoever arising from Granite Re's issuance of the Tennis Court Project Bonds.

34. Granite Re has made a demand against Defendants to reimburse Granite on account of the Claim validated by Subsurface Irrigation and paid by Granite Re.

35. The Defendants have breached the Indemnity Agreement by failing and refusing to comply with their obligation to pay Granite Re for losses upon demand.

36. Granite has been damaged by the expenses it has already incurred.

37. Granite Re is entitled to recover its damages from Subsurface Irrigation, Carolina Courtworks, and Powell in the principal amount of not less than $250,252.00.

WHEREFORE, Granite Re prays the Court:

1. That Granite Re have judgment against Defendants, jointly and severally, in the principal amount of no less than $250,252.00 for breach of contract, plus interest as allowed by law;

2. That the costs and expenses of this action, including, without limitation, reasonable attorneys' fees, be taxed against Defendants as provided by the terms and conditions of the Indemnity Agreement and/or applicable law;

3. For such other and further relief as the Court may deem just and proper.

This the 19th day of May, 2025.

        **POYNER SPRUILL LLP**

By: /s/ Matthew C. Bouchard
Matthew C. Bouchard
N.C. Bar No. 35995
mbouchard@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602
Telephone: 919.783.2887
Facsimile: 919.783.1075

By: /s/ Joseph J. Garfunkel
Joseph J. Garfunkel
N.C. Bar No. 56314
jgarfunkel@poynerspruill.com
301 S. College St., Suite 2900
Charlotte, NC 28202
Telephone: 704.342.5254
Facsimile: 704.342.5264

*Attorneys for Plaintiff Granite Re, Inc.*

# VERIFICATION

STATE OF OKLAHOMA

COUNTY OF OKLAHOMA

    I, Bradley J. Tollefson, being first duly sworn, depose and say that I am Claims Manager and an authorized agent of Granite Re, Inc., the Plaintiff in the above-entitled action and that I have read the foregoing Verified Complaint; and that the facts stated in the Verified Complaint are true of my own knowledge, except as to those matters and things stated therein on information and belief, and as to those matters and things, I believe them to be true.

Executed on May 16, 2025

*/s/ Bradley J. Tollefson*
Bradley J. Tollefson, Claims Manager
Granite Re, Inc.

Sworn to and subscribed before me this the 16th day of May, 2025.

*/s/ Glenda S. Cohrs*
Notary Public

My Commission Expires: 3/8/27

[Notary Seal: GLENDA S. COHRS, IN AND FOR, #19002532, EXP. 03/08/27, STATE OF OKLAHOMA, NOTARY PUBLIC]