# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00334-KDB-MTO

| | |
|---|---|
| **GRANITE RE, INC.,** | |
| **Plaintiff,** | |
| **v.** | <u>**MEMORANDUM AND ORDER**</u> |
| **CAROLINA COURTWORKS, INC., ET AL.,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 16). The Court has carefully considered this motion and the accompanying memorandum of law and exhibits filed in support. Defendants have not responded to the motion, despite requesting and being granted an extension of time (until July 24, 2026) to respond. For the reasons discussed below, the Court will **GRANT** the motion.

## I.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v.*

1

*Judd*, 718 F.3d 308, 313 (4th Cir. 2013)). In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). In the end, the

2

relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II.     DISCUSSION

This is an action for contractual indemnity by a surety against its indemnitors. The undisputed alleged facts establish that in 2016, Defendants Subsurface Irrigation, Inc. d/b/a Carolina Courtworks ("Subsurface Irrigation"), Carolina Courtworks, Inc. ("Carolina Courtworks"), and Benjamin R. Powell ("Powell") each executed a General Agreement of Indemnity (the "Indemnity Agreement") in favor of Granite Re. In reliance on the Indemnity Agreement, Granite Re issued payment and performance bonds on a public tennis court construction project for the City of Statesville (the "City"). When Subsurface Irrigation's material supplier, River City Athletics, LLC d/b/a NGI Sports ("NGI"), delivered more than a quarter of a million dollars in court-surfacing materials to the project that went unpaid, NGI submitted a claim against Granite Re's payment bond. Granite Re investigated, repeatedly asked the principal whether the amount claimed was owed, received written confirmation from the principal's office that "[t]hey are owed that money," and then paid the claim in the amount of $250,252. The Defendants refused to indemnify Granite Re for that loss, and this action followed.

Based on the deposition testimony and authenticated exhibits proffered by Plaintiff, the Court finds that Summary judgment should be entered in Plaintiff's favor. There is no dispute that the Indemnity Agreement is a valid and binding contract, and each Defendant admits executing it and being bound by it. Also, Plaintiff incurred a covered loss within the Indemnity Agreement's plain terms when it paid the NGI payment-bond claim. Finally, there is no evidence that Plaintiff acted in bad faither or committed fraud in making the payment and then seeking indemnity under

the clear indemnity provision. Accordingly, Plaintiff is entitled to summary judgment, particularly in the absence of any response from the Defendants.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 16) is **GRANTED;**

2. Judgment is entered in favor of the Plaintiff and against the Defendants, jointly and severally, in the principal sum of $250,252;

3. Further, Plaintiff is awarded prejudgment interest on the $250,252 at the legal rate from September 2, 2024, the date of Defendants' breach, through the date of judgment and then post-judgment interest in accordance with federal law; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: August 11, 2026

Kenneth D. Bell
United States District Judge

4